# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROWIRE LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 17-223 |
| APPLE, INC. | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                              August 9, 2017

Patent owners claiming a defendant infringes on some aspect of its patent must plausibly allege infringement of the challenged claims in the subject patent. But the owners cannot allege infringement beyond what is known or able to be discovered in good faith including information not available to it because it is solely within the defendant's control. We thus scrutinize an amended complaint in balancing the need to proceed with plausible allegations putting the defendant on notice of the specific challenge against our hesitancy to require patent owners to plead all possible but as yet unknown evidence necessary to prove their claim infringement at trial. After scrutiny, we today enter the accompanying Order denying the defendant's motion to dismiss for failure to state a claim when the patent owner plausibly alleged the accused conduct infringes on the challenged claims and when defendant's arguments focus on information arguably within its sole possession before expedited disclosures. The parties shall proceed into expedited disclosures and determine whether the patent owner's specific claims are accurate.

I.  **Alleged facts.**

Prowire is a Texas limited liability company owning United States Patent No. 6,137,390 titled "Inductors with Minimized EMI Effect and the Method of Manufacturing the Same." ("'390 patent").[1] Prowire alleges Apple, Inc. infringes on its '390 patent by "making, using, importing, selling, and offering for sale" products, such as the iPad 4 tablet computer which contain an inductor which incorporates Claim 1 and Claim 11 of the '390 patent.[2]

Prowire first alleges Apple's accused inductors infringe on Claim 1 of its '390 patent. Claim 1 of the '390 patent describes "[a]n inductor with enhanced inductance comprising: (a) a magnetic core; (b) an electrically conducting coil wound about said magnetic core; (c) a magnetic resin layer compression-molded to embed at least a portion of an outer periphery of said electrically conducting; (d) wherein said magnetic resin layer contains a magnetic powder dispersed in a polymer resin."[3]

Prowire alleges the accused inductors have enhanced inductance and "[o]n information and belief, the Accused Inductors exhibit an enhanced inductance through adjusting the thickness of the magnetic-resin layer."[4] Prowire alleges the accused inductors infringe on part (a) of Claim 1 because they have a magnetic core with approximately 37% iron which is a magnetic substance.[5] Prowire alleges the accused inductors infringe on part (b) of Claim 1 because they have "an electrically conducting coil wound about said magnetic core" and "on information and belief, the electrically conducting coil is made of copper."[6] Prowire alleges the accused inductors infringe on part (c) of Claim 1 because the electrically conducting coil has embedded in part a "magnetic resin layer compression-molded" and "on information and belief, the resin layer is compression-molded."[7] Prowire alleges the accused inductors infringe on part (d) of Claim 1 because their magnetic resin layer "contains a magnetic powder dispersed in a polymer

resin" made up of "approximately 35% iron (Fe), a magnetic substance, and approximately 51% carbon (C), that is used for the polymer resin."[8]

Prowire also alleges Apple's inductors infringe on Claim 11 of the '390 patent because they have "enhanced inductance through adjusting the thickness of the magnetic-resin layer."[9] Claim 11 describes "a method for making inductors with enhanced inductance comprising of steps of: (a) winding an electrically conducting coil about a magnetic core; (b) forming a magnetic resin layer by compression molding to embed at least a portion of an outer periphery of said electrically conducting coil; and, (c) wherein said magnetic resin matrix contains a magnetic powder dispersed in a polymer resin."[10]

Prowire alleges the accused inductors infringe on part (a) of Claim 11 because they have "an electrically conducting coil about a magnetic core" and contain "approximately 37% iron, a magnetic substance."[11] Prowire alleges the accused inductors infringe on part (b) because they have an "electrically conducting coil would about said magnetic core" and "on information and belief" the coil is made of copper.[12]

Prowire alleges the accused inductors infringe on part (c) of Claim 11 because they "were made using a method that includes forming a magnetic resin layer by compression molding to embed at least a portion of an outer periphery of said electrically conducting coil" and "on information and belief, the resin layer is compression-molded."[13]

## II. Analysis

Apple moves to dismiss Prowire's complaint for failure to state a claim because Prowire fails to allege how the accused inductors infringe on each element of at least one claim of the '390 patent. Apple also moves under Fed. R. Civ. P. 12(b)(3) alleging venue is improper in the District of Delaware because Prowire cannot show patent infringement.

3

## A. Prowire states a plausible claim for infringement.

Before December 1, 2015, we reviewed the sufficiency of a patent infringement complaint against Form 18 of the Federal Rules of Civil Procedure which required five basic allegations including "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent."[14] On December 1, 2015, the Supreme Court abrogated Fed. R. Civ. P. 84 and its Appendix of Forms including Form 18, and districts courts around the country, including this District, thereafter held "allegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a 'plausible claim for relief.'"[15]

The parties agree the *Twombly* and *Iqbal* plausibility standard now applies to Prowire's Complaint but they dispute the level of detail Prowire must allege to state a plausible claim.[16] Apple argues under the *Twombly* and *Iqbal* standard we must determine whether Prowire plead facts alleging Apple's accused inductors infringe on each and every element/limitation of a claim in Prowire's '390 patent. In opposition, Prowire argues when we apply the plausibility standard we still are bound by the Federal Circuit's earlier rejection of requiring plaintiffs to allege how the defendant infringed on each and every element/limitation of the patent's claim.

District courts either disagree or elected not to address whether a plaintiff must make allegations the defendant infringed on every element/limitation of a patent's claim.[17] It is not clear courts in this District have reached a consensus on the pleading standard for direct infringement claims post-Form 18 and most opinions have not directly addressed the issue.[18] We find Judge Robinson's guidance in *Dermafocus* is most helpful suggesting we must address "whether [Prowire] has provided sufficient information to allow the court to determine plausibility and [] defendant to respond to the complaint. Absent specific guidance from the

4

Federal Circuit directing the court to front-load the litigation process by requiring a detailed complaint in every instance, the court declines to do so."[19]

We accept Prowire's well-pleaded allegations as true and view its allegations in a light more favorable to Prowire.[20] We disregard Prowire's allegations which are merely conclusions.[21] Prowire's allegations, accepted as true, must "state a claim to relief that is plausible on its face."[22] Prowire's allegations must allow us "to draw the reasonable inference that the [Apple] is liable for the misconduct alleged."[23] While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a 'sheer possibility that a defendant has acted unlawfully.'"[24] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[25]

Prowire alleges Apple's accused inductors meet each limitation of Claim 1 and Claim 11. Apple truly challenges the sufficiency of Prowire's allegations for two elements of the patent's claim arguing they are not plausible under *Twombly* and *Iqbal*. Apple specifically challenges the factual sufficiency of Prowire's allegation the accused inductors meet the "compression-mold[ed]" limitation and the "enhanced inductance" limitation for both Claim 1 and Claim 11. Because we find Prowire's allegations plausible to state a claim for direct infringement for each element of Claim 1 and Claim 11, we do not reach the question whether a plaintiff must plead plausible allegations the defendant infringes on every element/limitation of a patent's claim.

1.  **Prowire alleges the inductors are compression-molded.**

Claim 1 of the '390 patent describes "[a]n inductor with enhanced inductance comprising: (a) a magnetic core; (b) an electrically conducting coil wound about said magnetic core; (c) a magnetic resin layer compression-molded to embed at least a portion of an outer

periphery of said electrically conducting; (d) wherein said magnetic resin layer contains a magnetic powder dispersed in a polymer resin."[26]

Accepting Prowire's allegations as true, Apple's accused inductors have a magnetic core made of 37% iron and an electrically conducting wire, made out of copper winding around the core. Apple's accused inductors also have layer of polymer resin layer (51% carbon) dispersed with magnetic powder (35% iron). The accused inductors' polymer resin layer dispersed with magnetic power is "compression-molded" to embed part of the copper coil and "on information and belief, the resin layer is compression-molded."[27]

In support of its allegations, Prowire includes x-ray images of the accused inductors depicting the copper coil wound around the magnetic core and spectrum tests showing the magnetic core is made up of 37% iron and the magnetic resin layer is made up of 51% carbon and 35% iron. In support of the allegation the copper coil is partially embedded in the compression-molded magnetic resin layer, Prowire includes a cross-section photograph depicting the copper coil embedded inside the magnetic resin layer. Prowire states a claim for direct infringement because it makes plausible allegations Apple's accused inductors infringe on the compression-molded element of both Claim 1 and Claim 11 which raise its right to relief above a speculative level.

Apple's argument we should disregard Prowire's allegation the magnetic resin layer is compression-molded as a conclusion because it is made "on information and belief" is incorrect. District courts allow plaintiffs to make allegations of direct patent infringement on information and belief because it "is not prohibited by the Federal Rules of Civil Procedure, and is appropriate when the information is particularly within the control of the defendant."[28]

Apple cites to *Network Managing Sols., LLC v. AT&T Inc.*'s in support of its argument Prowire's "on information and belief" allegations are insufficient, but we find its reliance unavailing.[29] In *Network Managing*, plaintiff alleged (1) defendant infringed on at least one claim from each patent; (2) "on information and belief" defendant's standards "incorporate the fundamental technologies" covered by plaintiff's patents; and (3) "on information and belief" defendant adopted those standards into its technology.[30] The court found plaintiff's second allegation insufficient because plaintiff owned the patent and defendant's standards are public so plaintiff's allegation "on information and belief" defendant's standards "incorporate the fundamental technologies" covered by plaintiff's patents "without more, is insufficient to plausibly allege that to practice the standard necessarily means that a defendant also practices the patent."[31] The court found plaintiff's allegation "on information and belief" that defendant adopted the standards which infringe on plaintiff's patent sufficient because defendant kept its technology secret and does not "offer some public product that can be reversed engineered."[32] Apple argues because the accused inductors are in consumer electronics, Prowire could have reversed engineer it and its "on information and belief" allegations are insufficient.

From the allegations and exhibits in the complaint, Prowire did purchase and reverse engineer an iPad 4 tablet computer. Prowire alleges the structure and materials of the accused inductors are things it can discern from viewing and testing an accused inductor. It is possible, however, Prowire cannot reverse engineer the accused inductor to determine if the magnetic resin layer is compression-molded. It is possible whether the magnetic resin layer is compression-molded is only something the manufacturer would know. At this stage, we cannot guess, and Apple does not argue, it is obvious when viewing the accused inductor whether the magnetic resin layer is compression-molded or molded by some other method. How Apple or its

7

vendors mold and manufacture the magnetic resin layer is information in the control of Apple, and we do not disregard Prowire's allegation on "information and belief" as a conclusion.[33]

### 2. Prowire alleges the inductors have "enhanced induction."

Prowire alleges "on information and belief the accused inductors exhibit an enhanced inductance through adjusting the thickness of the magnetic-resin layer."[34] The detailed description of the preferred embodiment section of the '390 patent states "[t]he extent of the inductance enhancement and reduction in magnetic leakage can be controlled by properly adjusting the thickness of the magnetic-resin layer and/or the magnetic permeability of the magnetic-resin."[35]

Accepting as true Prowire's allegations, the accused inductors have a magnetic core with a copper coil embedded in a compression-molded magnetic resin layer containing carbon and iron, meeting every element of Claim 1 "an inductor with enhanced inductance" and Claim 11 "a method for making inductors with enhanced inductance."[36]

Apples argues Prowire's allegation is insufficient because it "parrots" the language from the '390 patent describing how the claimed method achieves enhanced inductance and Prowire makes no supporting factual allegations. At this stage, it is arguably improbable Prowire could plead facts showing how Apple or its manufacturers adjusted the thickness of the magnetic-resin layer to achieve maximum enhanced inductance when creating the accused inductors.

Prowire's allegation "on information and belief the accused inductors exhibit an enhanced inductance through adjusting the thickness of the magnetic-resin layer" is plausible based on its other allegations and because it is the type of information in Apple's sole control and Prowire could not access it without discovery.

B.     **Venue is proper.**

Apple argues venue is improper because Prowire does not plausibly allege infringement on any claims on the '390 patent. In its reply brief, Apple argued venue is improper because it does not have a regular and established place of business in Delaware. Prowire alleges Apple maintains one or more retail stores in this District where it sells consumer products containing the alleged infringing inductors.[37] Under Fed. R. Civ. P. 12(b)(3), it is Apple's burden to establish venue is improper.[38]

For patent infringement claims, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."[39] Apple is incorporated in California so it does not reside in Delaware under § 1400(b).[40]

"The Federal Circuit has stated that the proper inquiry 'is whether the corporate defendant does its business in that district through a permanent and continuous presence there....'"[41] Apple does not dispute Prowire's allegation it has a retail store in Delaware, it argues one retail store is not enough to establish a "permanent and continuous presence." We disagree; Apple's retail store is a permanent and continuous presence where it sells the alleged infringing technology to consumers on a daily basis. Apple does not meet its burden of showing it does not have "a regular and established place of business" in this District.

III.    **Conclusion**

We deny Apple's motion to dismiss because Prowire's allegations of infringement are sufficiently plausible to state a claim Apple infringed on Claim 1 and Claim 11 of the '390 patent. We also deny Apple's motion to dismiss for improper venue because Apple does not

meet its burden to show it does not have a regular and established place of business and did not commit acts of infringement in this District.

---

[1] Complaint, ECF Doc. No. 13, ¶¶ 1, 7.

[2] *Id.* ¶ 9.

[3] Exhibit A to Complaint, ECF Doc. No. 13-1 at 6.

[4] ECF Doc. No. 13, ¶ 10.

[5] *Id.* ¶ 11.

[6] *Id.* ¶ 12.

[7] *Id.* ¶ 13.

[8] *Id.* ¶ 14.

[9] *Id.* ¶ 19.

[10] ECF Doc. No. 13-1 at 7.

[11] ECF Doc. No. 13, ¶ 20.

[12] *Id.*

[13] *Id.* ¶ 21.

[14] *e.Digital Corporation v. iBaby Labs, Inc.*, No. 15-5790, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) (quoting *K-Tech Telecommunications v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) and *McNeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)). The five allegations in Form 18 were "(1) an allegation of jurisdiction; (2) a statement

that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *K-Tech*, 714 F.3d at 1283.

[15] *Atlas IP LLC v. Pacific Gas Electric Co.*, No. 15-5469, 2016 WL 1719545 at * (N.D. Cal. March 9, 2016); *see also Radiance Technologies, Inc. v. 10x Genomics, Inc.*, No. 15-152, 2016 WL 927143 at *2 (D. Del. March 4, 2016)("Effective December 1, 2015, Federal Rule of Civil Procedure 84 and Appendix of Forms were 'abrogated.' Under existing standards, that is, *Iqbal* and *Twombly*, it is clear to me that Plaintiffs have not plausibly alleged indirect infringement on Count I and III…").

[16] Apple's Motion to Dismiss, ECF Doc. No. 15 at 7; Prowire's Response, ECF Doc. No. 18 at 9-10.

[17] *See Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, No. 16-2203, 2017 WL 1906917 (Fed. Cir. May 9, 2017) (requiring plaintiffs to allege the accused product infringes on each element of at least one patent claim because "the failure to practice even a single element is all that separates innovation from infringement there is always an obvious alternative explanation where a plaintiff does not allege facts about each element (although the format that those allegations take must depend on the complexity of the patent and the number of claims allegedly infringed)."); *Scripps Research Inst. v. Illumina, Inc.*, No. 16-661, 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016) ("As an initial matter, the Court joins several other courts in holding that in order to properly plead direct infringement under *Twombly* and *Iqbal*, a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim."); *e.Digital*, 2016 WL 4427209, at *4 (requiring plaintiff to allege the accused products practice each of the limitations found in at least one asserted claim); *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1011 (D.N.J. 2016) (finding plaintiff did not plausibly plead direct infringement under *Twombly* and *Iqbal* because plaintiff "made no attempt to describe the alleged infringement and also failed to relate factual assertions to the pertinent claims in the '884 patent. Instead, the Complaint merely states that Defendant's products "infringe[d] at least one claim of the '884 patent."); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, 2016 WL 1719545, at *5 (dismissing plaintiff's complaint but granting leave to amend because plaintiff failed to plead the product infringed on a "necessary element" and an "important" limitation of claim 1").

*But see Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-885, 2017 WL 74729 at *2 (S.D.N.Y. Jan. 4, 2017) (noting the abrogation of Form 18 requires it to review plaintiff's complaint under *Twombly* and *Iqbal* but then analyzes plaintiff's allegations to meet the five elements of Form 18 and relying on pre-December 1, 2015 Federal Circuit precedent to find plaintiff's complaint sufficient); *Agarwal v. Topgolf Int'l, Inc.*, No. 16-2641, 2017 WL 40804, at *2 (M.D. Fla. Jan. 4, 2017) ("In patent infringement cases, the Federal Circuit has held that a party claiming patent infringement only needs to: (1) allege ownership of the asserted patent; (2) name each individual defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendants allegedly infringe; and (5) point to the specific sections of the

patent law invoked."); *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016) (denying defendants motion to dismiss under *Twombly* and *Iqbal* because plaintiff's allegations of direct infringement are sufficient for notice pleading relying on the pre-December 1, 2015 Federal Circuit precedent).

[18] *Cf. e.g., United States Gypsum Co. v. New NGC, Inc.*, No. 17-130, 2017 WL 2538569, at *3 (D. Del. June 12, 2017) (denying defendant's motion to dismiss because plaintiff "met the applicable pleading standard by providing sufficient information to allow this court to determine plausibility and to allow NGC to respond to the complaint"); *Zimmer Surgical, Inc. v. Stryker Corp.*, No. 16-679, 2017 WL 1296026, at *5 (D. Del. Apr. 6, 2017) (denying defendant's motion to dismiss because "Plaintiffs provide sufficient information to meet the *Iqbal/Twombly* standard … [t]hey allege that the Neptune systems meet every limitation of at least independent claims 15 and 19 of the patent"); *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (granting defendant's motion to dismiss because plaintiff makes a legal conclusion defendant's sales infringe on the patents but expressly does not "consider at this juncture exactly how much Plaintiff must allege in order to withstand a motion to dismiss….Plaintiff does not have to allege everything it has, but it does have to write a complaint (construing the allegations in the light most favorable to the plaintiff) that makes it plausible to think a defendant has infringed at least one claim of any asserted patent"); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 470 (D. Del. 2016) (rejecting defendant's argument plaintiff must "allege how all of the claimed method steps are performed" concluding plaintiff's allegations gave "defendant reasonable notice of a plausible claim for direct infringement of at least independent claim" of defendant's patent); *Raindance Techs*, 2016 WL 927143, at *3 (plaintiff alleged defendant infringed on seven patents but the court only analyzed two patents in granting the motion to dismiss. The court noted in the complaint the plaintiff only relied on defendant's promotional materials and assumed plaintiff "has not purchased one of Defendant's products to see how it actually works." Plaintiff claimed defendant infringed on its '430 patent which has only one claim. Two elements of plaintiff's '430 patent involved the role of pressure in droplet formation. The court found plaintiff did not plausibly allege infringement because the complaint had no allegations about defendant's accused products using pressure. The court dismissed plaintiff's second patent because plaintiff's allegations of how infringement happened were ""hazier" and determining if an element was met "involve[ed] quite a bit of supposition.").

[19] *DemraFocus*, 201 F. Supp. 3d at 469.

[20] *See id.* at 467.

[21] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[22] *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)).

[23] *Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[24] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[25] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[26] Exhibit A to Complaint, ECF Doc. No. 13-1 at 6.

[27] *Id.* ¶ 13.

[28] *Gracenote, Inc. v. Sorenson Media, Inc*, No. 16-950, 2017 WL 2116173, at *3 (D. Utah May 15, 2017) (citing *ITT Corporation v. Lee*, No. 15–2730, 2016 WL 447848 *1 (S.D.N.Y., Feb. 4, 2016) ("A plaintiff may plead facts alleged upon information and belief 'where the facts are peculiarly within the possession and control of the defendant."); *Lacks Enterprises, Inc. v. H.D. Supply, Inc.*, No. 16–10867, 2016 WL 6083748 * 6 (E.D. Mich., Oct. 18, 2016) ("Defendant alone has the information ... [f]or that reason, Plaintiff is entitled to plead 'upon information and belief' with respect to this claim.").

[29] No. 16-295, 2017 WL 472080, at *1 (D. Del. Feb. 3, 2017).

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] "This District's local rules provide that "[w]ithin 30 days after the Rule 16 Conference and for each defendant, the plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent." D. Del. Default Std. § 4.a. These rules were promulgated post *Twombly/Iqbal* and are consistent with the Federal Rules of Civil Procedure's and courts' concern that a complaint "give [s] the defendant fair notice of what the ... claim is and the grounds upon which it rests." *IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*, No. 16-134, 2017 WL 1312942, at *2 (D. Del. Apr. 5, 2017). We also note other judges in this District have specific procedures for patent cases and in our scheduling order, we will adopt similar procedures requiring early and fulsome discovery about the accused inductors. If Apple or its vendors do not compression-mold the magnetic resin layer of accused inductor as alleged by Prowire, Apple can renew and amplify its arguments through an early motion for summary judgment.

[34] ECF Doc. No. 13 ¶ 10.

[35] ECF Doc. No. 13-1 at 5.

[36] ECF Doc. No. 13-1 at 6.

[37] ECF Doc. No. 13 ¶ 5.

[38] *See Graphics Properties Holdings Inc. v. Asus Computer Int'l, Inc.*, 964 F. Supp. 2d 320, 324 (D. Del. 2013) (internal citations omitted). Apple argues it is the plaintiff's burden to establish venue is proper, relying on a 1989 District of New Jersey case. *MAGICorp. v. Kinetic Presentations, Inc.*, 718 F. Supp. 334, 339 (D.N.J. 1989) ("The plaintiff carries the burden of establishing proper venue"). Apple is incorrect. Our court of appeals held in a 12(b)(3) motion, the movant has the burden to establish venue is improper. *See Koninklijke Philips N.V. & U.S. Philips Corporation, Plaintiffs, v. ASUSTeK Computer Inc. & ASUS Computer International, Defendants. Microsoft Corporation, Intervenor-Plaintiff,*, No. 15-1125, 2017 WL 3055517, at *2 (D. Del. July 19, 2017) (citing *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)).

[39] 28 U.S.C. § 1400(b).

[40] *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516–17 (2017) ("We therefore hold that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute.").

[41] *Ballard Med. Prod. v. Concord Labs., Inc.*, 700 F. Supp. 796, 799 (D. Del. 1988) (quoting *In Re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985)).